UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                   Case No. 15-20246

v.                                               Honorable Nancy G. Edmunds

THEODORE CHANDLER,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [219]**

Defendant Theodore Chandler is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Gilmer in West Virginia. The matter is before the Court on Defendant's pro se motion for compassionate release. (Dkt. 219.) The government opposes Defendant's request. (Dkt. 222.) The Court finds that the facts and legal arguments are adequately presented in the motion and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motion for compassionate release.

**I.    Background**

On November 8, 2016, Defendant Theodore Chandler pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count 2). (Dkt. 121.) These convictions stem from an agreement between Defendant and others to obtain and sell controlled substances, including cocaine in an amount exceeding 500

1

grams.  The government also believed that Defendant was responsible for the murder of a former associate by the name of Dynasty Myles and sought to enhance Defendant's sentence for Count 1 based on a cross-reference to the first-degree murder guidelines.  After holding extensive evidentiary hearings on the matter, the Court denied the government's request to do so because the murder of Myles is not sufficiently related to the conspiracy to distribute cocaine that Defendant pled guilty to.  (Dkt. 195.)  The Court instead applied the drug and money laundering guidelines and calculated the sentencing guideline range to be 262 to 327 months.  (Dkt. 209.)  On June 6, 2018, the Court sentenced Defendant to a term of imprisonment of 235 months on Counts 1 and 2, to run concurrently.  (Dkt. 206.)  The Sixth Circuit affirmed on direct appeal.  (Dkt. 212.)  Defendant recently filed a motion for post-conviction relief under 28 U.S.C. § 2255.  (Dkt. 216.)  That motion remains pending.

Defendant now moves this Court for compassionate release based on the health concerns associated with the COVID-19 pandemic.  He states that he has a heightened risk of severe illness if he does contract the virus due to his multiple health ailments, including morbid obesity, hypertension, and hyperlipidemia.  Defendant is 45 years old and states that his projected release date is May 9, 2032.

**II.    Analysis**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation

2

>or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>(i) extraordinary and compelling reasons warrant such a reduction; . . .
>>. . .
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government states that Defendant has exhausted his administrative remedies. The government also concedes that Defendant has satisfied the threshold requirement of extraordinary and compelling reasons due to the heightened risk that COVID-19 poses to Defendant due to his Type II diabetes and obesity.[1] The government argues, however, that Defendant is not entitled to the relief he seeks.

United States Sentencing Guidelines Manual § 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Also, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* § 3582(c)(1)(A). These sentencing factors are "largely duplicative" of the factors found in § 3142(g), *see United States v. Rountree*, No. 1:12-CR-0308 (LEK), 2020 U.S. Dist. LEXIS 91064, at *32

---

[1] Defendant's medical records, filed under seal by the government, confirm that Defendant has both Type II diabetes and morbid obesity, (*see* dkt. 225), which place him "at increased risk of severe illness from COVID 19," *see* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

3

(N.D.N.Y. May 18, 2020), and include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities, *see* § 3553(a). Courts have refused to grant a defendant compassionate release, despite extraordinary and compelling reasons, if the release would present a danger to society or would be inappropriate in light of the § 3553(a) factors. *See, e.g.*, *United States v. Dukes*, No. 18-20323, 2020 U.S. Dist. LEXIS 132225, at *6 (E.D. Mich. July 27, 2020).

Here, the government argues that Defendant's release would pose a danger to society and that the sentencing factors strongly weigh against compassionate release. The Court agrees.

While the government continues to refer to the murder of Myles, this Court has never found that the government proved, even by a preponderance of the evidence, that Defendant committed that murder. Nonetheless, the Court agrees with the government that Defendant's offenses are serious. Defendant ran a drug trafficking enterprise that distributed large amounts of cocaine and heroin in the area. He was therefore appropriately sentenced to a lengthy term of imprisonment, which he has only served a fraction of thus far. Moreover, Defendant was not deterred from committing the underlying offenses despite having served a significant term of imprisonment in the past. And during the pendency of this action, Defendant committed another federal crime—obstruction of justice, which he pled guilty to in another case before the Court. (*See* case no. 17-20022, dkt. 193.) In sum, while Defendant's serious medical problems are relevant personal characteristics, his criminal history and the remaining

4

sentencing factors all weigh heavily against compassionate release. Because the Court finds that Defendant's release would pose a danger to society and would be inconsistent with the § 3553(a) factors, Defendant is not entitled to the relief he seeks.

### III. Conclusion

Based upon the foregoing, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: August 11, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager