UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 15-20246

v.                                           Honorable Nancy G. Edmunds

THEODORE CHANDLER,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [230]**

      Defendant Theodore Chandler is currently in the custody of the Federal Bureau of Prisons at FCI Gilmer in West Virginia, serving a 235 month sentence imposed in this case. On August 11, 2020, the Court denied Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 227.) The matter is now before the Court on Defendant's motion for reconsideration. (ECF No. 230.)

      Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may move for reconsideration of an order within fourteen days of the order's issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h).

      Defendant's motion for reconsideration was filed on March 11, 2021—about seven months after the Court entered its order denying his motion for compassionate release. This is well beyond the fourteen day timeframe during which a party may move

1

for reconsideration. Thus, Defendant's motion is denied as untimely. But even if the Court were to excuse the untimeliness of the motion, the Court would not reconsider its order.

Defendant does not identify a palpable defect by which the Court and the parties have been misled. Instead, he bases his motion on the health concerns surrounding the COVID-19 pandemic and the seriousness of his medical conditions. However, this is merely an improper attempt to relitigate the same issues that were before the Court at the time it considered his motion. *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997). Moreover, the Court found in its order that Defendant had satisfied the threshold requirement of extraordinary and compelling reasons due to the heightened risk that COVID-19 poses to him as a result of his Type II diabetes and morbid obesity. Thus, these arguments go to an issue that had no bearing on the Court's denial of Defendant's motion.

The Court denied Defendant's motion for compassionate release because it found that his release would pose a danger to society and would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). To the extent the Court cited to the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13, the Sixth Circuit has since held that it is not applicable to compassionate release motions filed directly by defendants. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a consideration of the sentencing factors listed in § 3553(a) remains a legitimate basis for denying a compassionate release motion. *See id.* And Defendant has not presented anything that would change the Court's analysis with regard to the weighing of those factors.

Based upon the foregoing, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds<br>Nancy G. Edmunds<br>United States District Judge

Dated: April 5, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 5, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>Case Manager