UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                Case No. 15-20246-1

                                    Honorable Nancy G. Edmunds

v.

THEODORE CHANDLER,

    Defendant-Petitioner.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [216]**

Defendant-Petitioner Theodore Chandler moves the Court, through counsel, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (ECF No. 216.)  The government opposes the motion.  (ECF No. 226.)  Defendant has filed a reply.  (ECF No. 228.)  For the reasons below, the Court DENIES Defendant's § 2255 motion.

**I.    Background**

On April 23, 2015, Defendant was indicted in this district with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (ECF No. 1.)  On October 28, 2015, Defendant was charged in a first superseding indictment with two counts—conspiracy to possess with intent to distribute controlled substances (one kilogram or more of heroin and 500 grams or more of cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(a)(1), (h) (Count 2).  (ECF No. 42.)  On

1

November 8, 2016, Defendant pled guilty to both counts in the superseding indictment pursuant to a Rule 11 plea agreement.  (ECF No. 121.)

The drug offense in the original indictment had a mandatory minimum of ten years and a maximum penalty of life.  (ECF No. 14.)  And because Defendant had two previous felony drug trafficking convictions, the government could have filed an enhancement under 21 U.S.C. § 851 to require a life sentence.[1]  (ECF No. 210, PageID.1556.)  In exchange for Defendant's plea, the government agreed to file the superseding indictment charging Defendant with a lesser drug offense that had a mandatory minimum of five years and a maximum of forty years.  The government also agreed not to file a penalty enhancement and "to limit the scope of Count One to cocaine (i.e., not require a plea to conspiracy to distribute heroin)."  (ECF No. 121, PageID.640.)  The plea agreement noted "[t]he government calculates the guideline range as set forth in the attached worksheets and calculates that range as life," but that Defendant disputes application of a cross-reference to the first-degree murder guideline in U.S.S.G. § 2A1.1.  (*Id.* at PageID.644.)  The agreement further noted "the government will recommend that the sentence be with[in] the guideline range the government believes applies as reflected in the attached worksheets," but this recommendation would not be binding on the Court.  (*Id.* at PageID.644-45.)

After Defendant entered his guilty plea, the Court took the plea agreement under advisement, referred the matter to the probation department for a presentence investigation report ("PSR"), and scheduled the case for sentencing.  (ECF No. 210, PageID.1566.)  The probation department then prepared a PSR in which it applied a

---

[1] These penalties were in effect at the time—prior to passage of the First Step Act.

cross-reference to § 2A1.1 and found the advisory guideline range to be 360 months to life imprisonment but because of the statutory caps on each count, the range became 360 to 720 months.  Defendant objected to the application of the cross-reference to the murder guideline.  (ECF No. 186.)  The government had sought to enhance the sentence for Count 1 under this cross-reference because it believed Defendant was responsible for the murder of a former associate by the name of Dynasty Myles.  After holding extensive evidentiary hearings, the Court denied the government's request do so, finding the alleged murder not sufficiently related to the drug trafficking offense Defendant had pled guilty to.  *See United States v. Chandler*, No. 15-20246, 2018 U.S. Dist. LEXIS 14213, at *23-24 (E.D. Mich. Jan. 30, 2018).

After the Court declined to apply § 2A1.1, the probation department prepared a new PSR, which instead relied on the drug and money laundering guidelines in U.S.S.G. § 2D1.1 and § 2S1.1 and found the guideline range to be 324 to 405 months.  This PSR calculated the drug quantity using both cocaine and heroin and included enhancements for possessing a firearm, continuing criminal conduct, and leadership.  It also found Defendant to be in criminal history category III.  Defendant filed written objections to the revised PSR, arguing in part that the government was bound by the plea agreement to limit the scope of Count 1 to 1,968 grams of cocaine.[2]  The government filed a written

---

[2] The factual basis for Count 1 in the plea agreement stated that "[f]rom at least as early as 2012 until January 2015, [Defendant] agreed with others to obtain and sell controlled substances, including cocaine, and the total amount of cocaine exceeded 500 grams" and gave as an example an incident that took place in January 2015 in which Defendant directed two of his co-defendants to travel from Detroit to Arizona to obtain cocaine and heroin; those individuals were later stopped by law enforcement officers, who found and seized 1,968 grams of a substance containing cocaine.  (ECF No. 121, PageID.642.)

response, arguing the plea agreement was not binding on the Court and the probation department's calculations were correct.  (ECF No. 203.)

The parties appeared before the Court for a sentencing hearing on June 6, 2018. (ECF No. 209.)  Defendant, through his attorney, voiced his objections to the revised PSR, while the government advocated in favor of the calculations in the report.  The Court sustained Defendant's objection to a two-level enhancement for possession of a firearm but overruled his remaining objections.  Based on these findings, the guideline range became 262 to 327 months.  The parties then made their arguments regarding what they believed to be an appropriate sentence pursuant to the sentencing factors.  Defendant requested a sentence of sixty months, the mandatory minimum penalty, while the government argued the sentence should be forty years.  Ultimately, the Court granted a downward variance from the guideline range and sentenced Defendant to 235 months of imprisonment on each count, to run concurrently with each other.  (ECF No. 206.)

On appeal, Defendant raised three arguments regarding the way the Court calculated the guideline range.  *See United States v. Chandler*, 764 F. App'x 502, 504-05 (6th Cir. 2019).  The Sixth Circuit affirmed Defendant's sentence.  *Id.* at 505.  Defendant now brings this motion pursuant to § 2255.

## II.    Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  To prevail on a § 2255 motion, the petitioner must allege:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the

entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quotation marks and citation omitted); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.   Analysis

Defendant brings two ineffective assistance of counsel claims.  A defendant has a right to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish an ineffective assistance of counsel claim, the defendant must prove both that 1) "counsel's performance was deficient" and 2) "the deficient performance prejudiced the defense."  *Id.*  The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," and the second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*

"[T]here is a strong presumption that legal counsel is competent."  *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989).  Because the defendant must overcome the presumption that the challenged action may be considered sound strategy, *Strickland*, 466 U.S. at 689, "[a] reviewing court must give a highly deferential scrutiny to counsel's performance," *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993).  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances."  *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome."  *Strickland*, 466 U.S. at 694.  The defendant bears the burden of proving both prongs of the analysis.  *Id.* at 687.

**A.  Defendant Has Not Established Ineffective Assistance of Counsel Based on an Alleged Breach of the Plea Agreement.**

Defendant argues Counsel was ineffective for failing to argue the government breached the plea agreement both before this Court and the Sixth Circuit.[3]  The government allegedly breached the agreement by advocating for the guideline calculations in the PSR prepared after the Court declined to apply the murder cross-reference, which differed from those in the worksheets attached to the plea agreement.[4] More specifically, the government advocated for 1) a base offense level of 32 based on both cocaine and heroin instead of a base level of 30 based on cocaine only, 2) two additional two-level enhancements, and 3) a criminal history category of III instead of II.

The Sixth Circuit has instructed courts to "use traditional contract law principles in interpreting and enforcing" plea agreements because they are contractual in nature. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011) (internal quotation marks and citation omitted).  When determining whether a plea agreement has been breached, courts examine what the defendant "reasonably understood" when he entered into the agreement.  *United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993).  "[T]he most persuasive evidence of what a defendant reasonably appreciated as his bargain is found in the plain language of the court-approved agreement."  *Id.*

---

[3] The same attorney represented Defendant at the trial and appellate levels.

[4] According to Defendant, without the murder cross-reference, the remaining calculations as set forth in the worksheets would lead to a guideline range of 151-188 months.

Here, the government agreed not to file a sentencing enhancement under § 851, not to require a plea to conspiracy to distribute heroin, and to recommend a sentence within "the guideline range the government believes applies as reflected in the attached worksheets," which was 360 months to life.  It kept all of those promises.  And while the agreement stated "[t]he government calculates the guideline range as set forth in the attached worksheets," those worksheets were premised on an application of the cross-reference to the murder guideline.  Indeed, the agreement went on to explicitly note in the same sentence that the government "calculates that range as life."  The agreement did not include any promises regarding the government's position as to the guidelines if the Court were to decline applying the cross-reference.  *See United States v. Danou*, 260 F. App'x 864, 868 (6th Cir. 2008) ("We will hold the Government to the promises it made, but we will not hold the Government to promises it *did not* make.")  Nor can the agreement be reasonably understood to include any such promises.  Thus, the Court finds the government did not breach the plea agreement when it advocated in favor of the calculations in the revised PSR.  Because there was no breach, Defendant has not shown that Counsel's performance was deficient.[5]

_____

[5] Because a court may either order specific performance or permit a defendant to withdraw the plea if it finds there was a breach, *see Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994), the government argues Counsel may have chosen not to make this argument as part of a sound strategy.  More specifically, if Defendant was allowed to withdraw the plea, he may have had to face a mandatory life sentence and would be worse off.  Defendant notes, however, that the Sixth Circuit has indicated that when a defendant seeks only specific performance to remedy a breach, a court "'should honor that election.'"  *See United States v. Ligon*, 937 F.3d 714, 721 (6th Cir. 2019) (quoting *United States v. Warner*, 820 F.3d 678, 685 (4th Cir. 2016)).  In light of the Court's finding that there was no breach, the Court need not resolve this issue.  But the Court questions whether specific performance, which involves a resentencing by a different judge, *see Santobello v. New York*, 404 U.S. 257, 263 (1971), would be appropriate here where the alleged breach took place after a significant issue raised during sentencing—application

But even if Defendant could establish the first *Strickland* prong, he cannot show the any breach of the plea agreement prejudiced his defense. As the Supreme Court has noted, "[t]he defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (e.g., the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event." *Puckett v. United States*, 556 U.S. 129, 141-42 (2009). Here, Defendant does not even attempt to argue the Court was swayed by the government's breach. Instead Defendant relies on cases that predate *Puckett*, including *United States v. Barnes*, 278 F.3d 644, 648 (6th Cir. 2002), to argue that whether or not the Court was influenced by the government's breach is inconsequential. But the Sixth Circuit has "squarely held that '[it] do[es] not think *Barnes*' holding, post-*Puckett*, applies.'" *See United States v. Logan*, 542 F. App'x 484, 491 (6th Cir. 2013) (quoting *United States v. Keller*, 665 F.3d 711, 715 (6th Cir. 2011)). In *Puckett*, 556 U.S. at 133-34, the Supreme Court held that plain error analysis applies in "the usual fashion" to a breach of the plea agreement. So, a defendant who does not object to a breach before the district court must show the breach affected the outcome of the district court proceedings before obtaining relief on appeal. *Id.* at 135. "And because [Defendant] complains of a breached plea agreement, 'the outcome he must show to have been affected is his sentence.'" *See United States v. Fuentes-Majano*, 407 F. App'x 900, 903 (6th Cir. 2011) (quoting *Puckett*, 556 U.S. at 142 n.4). Otherwise, a defendant may "game the system, waiting to see if the sentence later strikes him as

---

of a cross-reference to the murder guideline—had already been resolved by this Court in favor of Defendant.

satisfactory, and then seeking a second bite at the apple by raising the claim." *Puckett*, 556 U.S. at 140 (internal quotation marks and citation omitted). "The standard for prejudice under *Strickland* is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis." *Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004). Thus, to succeed on his ineffective assistance of counsel claim, Defendant must show that any breach by the government affected his sentence.

After the Court denied the government's request to apply a cross-reference to the murder guideline, the probation department prepared a revised PSR. While the government advocated for the calculations set forth in the revised report, the Court made its own findings regarding those calculations, including sustaining Defendant's objection to a two-level enhancement for possession of a firearm. (*See* ECF No. 209.) Ultimately, the guideline range was lower than the range in the agreement and the Court varied downward even further when imposing sentence. Because Defendant has not shown there is a reasonable probability his sentence would have differed had the government not advocated in favor of the calculations in the revised PSR, he has not satisfied the second prong of the *Strickland* analysis. Thus, Defendant is not entitled to relief on his ineffective assistance of counsel claim stemming from Counsel's failure to argue the government breached the plea agreement.

### B.   Defendant Has Not Established Ineffective Assistance of Counsel Based on Allegedly Erroneous Pre-Plea Advice.

Defendant argues Counsel's erroneous pre-plea advice resulted in an unknowing and involuntary guilty plea. In support of this claim, Defendant has submitted a declaration stating Counsel had informed him he would only be held accountable for

1,968 grams of cocaine and no amount of heroin. (ECF No. 218-1.) He further avers that had he known he would be held accountable for both cocaine and heroin, he would not have pled guilty and would have proceeded to trial instead. (*Id.*)

As a general matter, a defendant may satisfy the prejudice prong of *Strickland* if he shows there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985). But a proper plea colloquy cures any prejudice stemming from a defense counsel's inaccurate statements about a plea agreement. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992). Here, Defendant himself acknowledges the Court followed standard Rule 11 protocols. The Court specifically explained the maximum sentence Defendant could receive and noted it had the discretion to impose a sentence outside the guideline range. (ECF No. 210, PageID.1549-50, 1559.) The Court also asked Defendant if anyone had made any other promise or assurance to him in an effort to get him to plead guilty and he stated that nobody had. *Id.* at PageID.559; *see Warner*, 975 F.2d at 1212 (noting that where the district court has followed the required Rule 11 procedure, "the defendant is bound by his statements in response to the court's inquiry") (internal quotation marks and citation omitted). Thus, even if Counsel had provided erroneous pre-plea advice, Defendant cannot establish prejudice on this basis. Defendant is therefore not entitled to relief on his second ineffective assistance of counsel claim.

## IV. Request for Evidentiary Hearing

Defendant requests the Court hold an evidentiary hearing in connection with his second claim. After reviewing the briefs and materials submitted by the parties and the

10

entire record in this case, the Court finds an evidentiary hearing is not needed because "the record conclusively shows that the petitioner is entitled to no relief."  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citation omitted).

## V.     Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c).  Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

Because Defendant has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

## VI.    Conclusion

Based upon the foregoing, IT IS ORDERED that Defendant's motion for post-conviction relief is DENIED WITH PREJUDICE.  IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 10, 2022

11

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager